UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JASON JERRELL SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil No. 12-CV-82-HRW |
| ) | |
| V. ) | |
| ) | |
| PHYLLIS CRUM, LPN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jason Jerrell Smith is an inmate confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. Proceeding without an attorney, Smith has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983. [D. E. No. 1] By prior order the Court has granted Smith's motion to pay the filing fee in installments. [D. E. No. 4]

The Court must conduct a preliminary review of Smith's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Smith's

1

complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Smith's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court must dismiss it without prejudice because Smith admits that he has not exhausted his administrative remedies.

## DISCUSSION

Smith alleges that he suffers from a heart condition which requires him to take certain medications and periodically be monitored for high blood pressure. On August 10, 2012, EKCC Nurse Jessica Smith admitted Smith to the prison hospital for a 24-hour observation period because his blood pressure was extremely high in two readings. Smith states that his property was packed up at 11:32 p.m. that evening. [D. E. No. 1, pp. 2, 3]

The next morning, EKCC Nurse Phyllis Crum took Smith's blood pressure. Shortly thereafter a prison official informed Smith that he would be leaving the hospital. When Smith asked why he was being dismissed from the hospital before his 24-hour observation period ended, EKCC Nurse Davis told Smith that Crum had accused him of hoarding medication after prison officials allegedly found four packages of medicine stashed in his personal property. Davis also told Smith that as a result of the alleged discovery, he would no longer receive his SAMS medication.

2

Smith denies Crum's allegations and alleges that two unidentified EKCC officers told him that Crum had not told the truth about the alleged discovery of the medications. Smith states that about a month prior to the August 11, 2012, incident, he and Crum were involved in a "racial altercation," [D. E. No. 1, p. 3] but he provided no other information about the alleged altercation with Crum. Smith claims that in retaliation for the earlier argument, Crum, herself, placed the medications in his personal property on August 11, 2012, to make it appear that he was hoarding medication so that she could then write him up for committing a prison violation.

Smith alleges that Crum's retaliatory actions on August 11, 2012, resulted in his blood pressure levels not being monitored for a full 24-hour period, and that the premature termination of that 24-hour observation period and denial of his medication subjected him to medical harm. Smith further alleges that in retaliation for their earlier argument, Crum issued false blood pressure readings, submitted incorrect blood pressure reports, and conveyed a "false report" about him to peace officers and/or state authorities, and generally deterred him from seeking necessary medical treatment on subsequent occasions. [*Id.*, pp. 3-4] Smith's claims alleging retaliation fall under the First Amendment of the U.S. Constitution, and his claims alleging the denied medical treatment fall under the Eighth Amendment of the U.S. Constitution.

Section IV of the pre-printed complaint form asked Smith to identify what, if any, steps he took to administratively exhaust his claims. [*Id.*, pp. 5-6] Smith responded that he

did not attempt to exhaust his claims, stating "This lawsuit has nothing to do with the conditions of prison, also the respondent being sued is not a state employee, she violated my rights personally." [*Id.*, p. 5, § IV (B)(5)]

## DISCUSSION

Smith's First and Eighth Amendment claims will be dismissed without prejudice because it is apparent from the face of his complaint that he failed to fully exhaust those claims prior to filing this action on August 16, 2012. Federal law requires state and federal prisoners to exhaust all available administrative remedies before filing suit to challenge any aspect of their prison conditions. 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to allow prison officials "'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected, and to create an administrative record for those disputes that eventually end up in court." *Napier v. Laurel County*, 636 F.3d 218, 220 (6th Cir. 2011) (quoting *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

The Kentucky Department of Corrections ("KDOC") has promulgated a set of administrative regulations at 501 K.A.R. § 6:020. These regulations, known as "Corrections Policies and Procedures" ("CPP"), govern various procedures within KDOC prisons. CPP 14.6, entitled "Inmate Grievance Process," lists the steps which KDOC inmates must pursue in order to properly file a grievance.

Under CPP 14.6, a KDOC must pursue three steps in order to file a grievance

4

concerning a non-medical issue. First, he must seek an Informal Resolution with the Grievance Coordinator within five working days of the alleged incident. CPP 14.6, § II (J)(1)(a)(4). Second, if dissatisfied, the inmate must submit a written request to the Grievance Committee requesting a hearing to consider his grievance. *Id.*, § II (J)(2). Third, if not satisfied with the Grievance Committee's disposition, he must appeal to the Warden. *Id.*, § II (J)(3). Fourth, if dissatisfied with the Warden's decision, the inmate must file an appeal to the Commissioner of the KDOC. *Id.*, § II (J)(4). Time-frames for appeals and responses are set forth in the regulations.

The KDOC has a separate set of regulations which govern health care grievances. That three-step process is set forth in CPP 14.6 § II(K)(1)-(3). First, an inmate must file a written grievance seeking an Informal Resolution. CPP 14.6 § II(K)(1)(a) and (b). Second, if dissatisfied, the inmate must make a written request for the Health Care Grievance Committee to consider his grievance. CPP 14.6 § II(K)(2). Third, if dissatisfied with the Health Care Grievance Committee's disposition, the inmate may ask the Medical Director to conduct a final review of the denial of his grievance. CPP 14.6 § II(K)(3). Time-frames for appeals and responses are set forth in the regulations.

As the Supreme Court has explained, administrative remedies must be exhausted "properly," which means going through all steps that the agency requires, obeying all directions and meeting all deadlines set by the administrative rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Smith candidly admits in his complaint that he did not attempt to exhaust

either his medical or his non-medical claims pursuant to CPP 14.6, incorrectly concluding that his allegations of retaliation, denied medical treatment, and the reporting of false medical information did not concern his prison conditions. Contrary to Smith's belief, all of his claims relate to the conditions of his confinement at the EKCC.

Smith's failure to administratively exhaust his claims renders dismissal of his complaint without prejudice appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *see also Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-8-JMH, 2010 WL 411134, at *4 (E.D. Ky. 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. 2008).

Smith's First and Eighth Amendment claims will be dismissed without prejudice. If Smith completes the administrative remedy process concerning those claims, he may file a new § 1983 action without incurring liability for a new filing fee, but only if he asserts claims identical to those asserted here. *Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Jason Jerrell Smith's complaint [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. The Court will enter an appropriate judgment; and

3. This action is **STRICKEN** from the active docket.

This March 11, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge